Robbins *v.* Merritt.

---

### Robbins *versus* Merritt.

If a plaintiff offer himself as a witness, and be sworn on the *voir dire*, and then be rejected as a witness, and the defendant then propose to him any inquiries pertaining to the cause, he is not thereby made a general witness to other facts.

From the making of any such inquiry, no inference can be rightfully drawn, that the defendant consents to the statement by the plaintiff, of any facts, except the facts thus inquired of.

To such inquiries, the plaintiff is not bound to answer.

And though he should answer to some inquiries, he is not compellable to answer to others.

Exceptions from the District Court.

Assumpsit on book account.

The plaintiff offered himself as a witness in support of his book account, and was sworn to make true answers to such questions as should be asked him by the court, or by its order.

After he had testified to some particulars, in support of his account, he stated, that other persons were present at the principal transaction, to which he had testified; and thereupon

the court ruled his book and testimony to be inadmissible, and ordered the jury to disregard it.

He was then asked by the defendant, if the signature of a certain paper, shown to him, was his ; and he replied, that he could not state with certainty. Thereupon his counsel contended, that the defendant had constituted the plaintiff a general witness to all facts, pertaining to the cause, and the plaintiff was permitted by the court so to testify as a general witness.

The defendant excepted.

*May*, for defendant.

1. The plaintiff had been rejected as a witness. The question then was put to him as a party. He might have refused to answer. Defendant did not consent, that he should state any other fact. *Gilmore* v. *Bowden*, 3 Fairf. 412 ; *Kennedy* v. *Niles*, 14 Maine, 54.

2. If a general witness, he should have been sworn to tell the whole truth. This was not done. 14 Peters, 448 ; 16 Serg. & Rawl. 77 ; 3 Wash. 580.

*Vose*, for plaintiff.

1. The defendant, by his inquiry, made the plaintiff a witness. He could not object to his cross-examination by plaintiff's counsel. *Brown* v. *Burrus*, 8 Miss. 26 ; *Page* v. *Ranky*, 6 Miss. 433.

2. Substantial justice has been done by the verdict, as it stands.

WELLS, J. — The plaintiff, having been sworn to make true answers to such questions as should be put to him by the court, or the order thereof, and his account book of original entries having been introduced in evidence, testified to charges made by him in it. But the court decided, that the evidence was inadmissible and directed the jury to disregard it. After these proceedings were had, and while the plaintiff was upon the stand, he answered inquiries put to him by the defendant, in relation to the genuineness of his signature to a letter, which was exhibited to him.

The plaintiff's counsel then contended, that the defendant had made the plaintiff a general witness in the cause, in the same manner as if he were not a party to the suit, and the court so ruled, and allowed the plaintiff to be examined generally upon the facts of the case.

It is a general rule, that a party cannot be a witness in his own cause, and in a case where he cannot claim to be admissible by the rules of law, but only by the consent of the adverse party, such consent should be expressed in a clear and unequivocal manner. A party may be desirous to have the answer of his adversary in relation to some fact involved in the trial, when he would be totally unwilling to allow him to testify at large upon the facts.

It is not contended, that there was any express agreement, that the plaintiff should testify generally in the cause, but that his right to do so is to be deduced from the course taken by the defendant. But it cannot be inferred from any thing which the defendant did, that he consented to any thing more, than that the plaintiff might answer the questions in relation to the signature. Beyond that, his consent cannot be further extended, it was manifested by his acts, and by them it must be limited and bounded. Because the defendant asked whether the letter bore the signature of the plaintiff, it cannot be assumed that the defendant thereby intended to make the plaintiff a witness as to all the facts arising in the cause, and place him in a position, which he could not occupy without a clear and explicit agreement.

Nor was the plaintiff under any legal obligations to answer the questions put to him or any that might follow ; he could stop when he pleased, the parties were bound by what was done and no ulterior right arose from it ; the condition was mutual, the plaintiff could not claim the privilege of a general witness, and the defendant could not compel him to be such, by any thing that had transpired.

In the case of witnesses, not parties to the suit, who are incompetent through interest or otherwise, the objection to them may be waived expressly, or by implication arising from

a partial examination of them in relation to the facts in issue when the objection is known by the party against whom they are interested. But afterwards they are legally bound to testify. Their obligation to do so, does not arise from consent on their part. No such obligation was imposed upon the plaintiff by the answers which he made, the law would allow him to decline answering any further, because he had not consented so to do.

The right claimed by the plaintiff could only arise by a mutual agreement, which does not appear to have existed, and which cannot be drawn by any just inference from what took place at the trial.

*The exceptions are sustained*
*and a new trial granted.*